Anderson, J.,
delivered the opinion of the court.
This is an action of debt by the holder against the maker and endorsers of a negotiable note for $2,000, *829 and $2.61 costs of protest, with interest thereon from the 24th of June, 1875, till payment. .The defendants severally pleaded nil debit and usury, upon which issues were joined; and neither party desiring a jury, the cause was submitted to the decision of the court. And the court being of opinion that the contract sued on was usurious, and that the sum of money actually loaned by the plaintiff, was the sum of $1,745, gave judgment for the plaintiff' for that amount, without interest on said sum or on said judgment, and also for the sum of $2.61, the costs of protest, with interest thereon. The plaintiff excepted to the said ruling and judgment of the court, and the case is brought hei’e upon a writ of error and supersedeas to said judgment.
The errors assigned are—first, that the court by its judgment extended the plaintiff’s forfeiture of interest beyond the maturity of the note; secondly, that it extended the forfeiture after judgment, and indefinitely until payment.
Section 5, of chapter 122, Acts of 1874, declares that “all contracts and assurances made, directly or indirectly, for the loan or forbearance of money or other thing at a greater rate of interest than is allowed by the preceding section, shall be deemed to be for an illegal consideration as to the excess beyond' the principal amount so loaned or forborne.”
The question for the court was: "What is lawfully due and owing to the plaintiff? For so much he was entitled to a judgment. The principal amount loaned by him was unquestionably owing to him. For that there was a valuable and lawful consideration—the amount actually loaned to the borrower—and for that he was entitled to a judgment. But for the interest which had accrued on that sum, being an excess beyond the principal, whieh by the terms of the statute shall be deemed to be for an illegal consideration, the plaintiff was not entitled to a *830 judgment. The court is of opinion, therefore, that it was not error to disallow interest to the date of the judg- ■ meat.
Was it error to disallow interest upon the judgment itself? The amount for which the judgment was rendered was not by the statute tainted with usury. According to the statute, the usury did not affect the principal sum loaned. The consideration for that (the amount loaned) was not illegal. The illegality of the consideration extended only to the excess beyond the principal sum loaned.
This section of the act of 1874, makes a radical change in the law of usury, as it existed prior to the Code of 1878. At common law the whole contract was tainted with the usury, principal and interest. And prior to the statute, as it is in the Code of 1873, when the contract was for a greater rate of interest than was lawful, the contract was declared to be void by statute. The revisors in their report of 1846, page 714, proposed, in accordance with the English statute of 5 and 6 Will. IV, ch. 41, § 1, instead of making the contract void, to declare that it shall, as to the excess, be deemed to be for an illegal consideration. This recommendation was not adopted at the revisal of 1849, and the contract continued to be void until the Code of 1873, when it is made void only for the interest in excess of six per centum per annum. By the act of 1874, supra, the law-was amended so as to repeal the provision which makes the contract or assurance void, and to declare only that it shall be deemed to he for an illegal consideration, as to the excess beyond the principal amount loaned or forborne. And when the judgment gives the plaintiff the principal sum loaned, without interest to the date of the judgment, it fully meets and satisfies the requirements of this section; and it is an adjudication of what is due the plaintiff at the date of the judgment. The contract *831 becomes merged in the judgment, and the plaintiff holds his debt by a higher security, a security which charges the whole real estate of his debtor. The judgment is a debt which is neither tainted with usury nor founded upon an illegal consideration.
As the law now is, it is eliminated from all usurious taint, and from all that was founded on any illegal consideration, and stands upon the same footing of any other debt for which there is a judgment, and is in like manner entitled to bear interest from the date of the judgment. By the 14th section of chapter 173 of Code of 1873/4 verdict which does not allow interest, shall bear interest from its date, and judgment shall be rendered accordingly. The court is of opinion, therefore, that the judgment in this cause is erroneous in disallowing interest upon the debt found to be due the plaintiff' from the date of the judgment. And it being an error in the judgment of the.court, and not a mistake, miscalculation, or such error as could have been corrected by motion to the court which rendered the judgment under-section 5 of chapter 177 of the Code, the plaintiff’s remedy was by w'rit of error and supersedeas from this court. The court is of opinion, therefore, that there is error for this cause, for which the judgment of the circuit court should be reversed. And the court here proceeding to render such judgment as the court below should have rendered, makes the following order:
The court being of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in rendering judgment for the plaintiff for the debt found to be due, without interest upon the said judgment, it is considered that the said judgment be reversed and annulled, and that the plaintiff’ in error recover his costs of the defendants in error, expended in the prosecution of his writ of error here. And this court proceeding to render such judgment as ought to have been rendered by the *832 court below, it is considered that the plaintiff’ recover from the defendants the sum of $1,745, with interest from the 10th day of May, 1877, the date of the judgment, till payment; and the further sum of $2.61, the costs of protest, with interest thereon from the 24th day of June, 1875, till payment, and his costs expended in the prosecution of his suit in the circuit court.
Decree reversed.